**Federal Defenders**
OF NEW YORK, INC.

Appeals Bureau
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8742 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Barry D. Leiwant
*Attorney-in-Charge*

December 16, 2024

Hon. Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re:** *United States v. Perez,* **No. 24-162-cr**
Letter Pursuant to Fed. R. App. P. 28(j) Advising the Court of
*United States v. Gore,* 118 F.4th 808 (6th Cir. 2024)

Dear Ms. Wolfe:

As discussed during oral argument on December 12, 2024, I write to inform the panel deciding the case (Robinson, Pérez, and Nathan, JJ.) of post-briefing authority that has come to my attention.

On October 6, 2024, the Sixth Circuit Court of Appeals issued *United States v. Gore*, 118 F.4th 808 (6th Cir. 2024). The case involved a Second Amendment challenge to 18 U.S.C. § 922(n), which makes it unlawful for a person under felony indictment "to ship or transport . . . any firearm or ammunition or receive any firearm or ammunition . . . ." While the Sixth Circuit ultimately affirmed the constitutionality of § 922(n) (at step two of the *Bruen* analysis), it first noted, as an initial, threshold matter (*Bruen* step one), that "the plain text of the Second Amendment covers the conduct at issue." *Id.* at 814. The court explained: "Receiving a firearm, of course, is protected because it is a logical antecedent to 'keep[ing]' a firearm. U.S. Const. amend. II." *Id.* at 813 (brackets in original).

The Sixth Circuit in *Gore* is the first Circuit to consider this issue. And it joins the long list of district courts holding that § 922(n)'s "transportation and receipt" of firearms, the conduct also prohibited in § 922(a)(3), is covered by the Second Amendment's plain text. Appellant lists this authority at pp. 15-17 of the opening brief, and p.9, n.2 of the reply brief,[1] and reiterates his argument that the

---

[1] *See also United States v. Burkhalter*, No. 24-CR-47, 2024 WL 4333677, at *2 (E.D. Okla. Sept. 26, 2024); *United States v. Trejo-Zambrano*, No. 24-CR-45, 2024 WL 4257143, at *3 (N.D. Okla. Sept. 20, 2024); *United States v. Alston*, No. 1:23-CR-165, 2024 WL 4151608, at *7 (E.D. Mo. Aug. 21, 2024), *rep. and rec. adopted,* 2024 WL 4144198 (E.D. Mo. Sept. 11, 2024) (all holding, after appellant filed

Hon. Catherine O'Hagan Wolfe     -2-     November 22, 2024

first step of *Bruen*'s analytical framework has been met in this case. *See* Opening Brief at 13-20. This Court should join the national consensus.

        Respectfully submitted,

        Kendra L. Hutchinson
        Assistant Federal Defender
        (212) 417-8731
        kendra_hutchinson@fd.org

cc:    Counsel for the government (via ACMS)

---

his reply in the instant appeal, that the Second Amendment's plain text covers § 922(n)'s prohibited conduct).